IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff

    v.

RAFAEL ANTONIO SANTA-SOLER,

    Defendant.

CRIMINAL NO. 07-213 (JAG/BJM)

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### RE: RULE 11(c)(1)(C) GUILTY PLEA HEARING

**I.**    **Procedural Background**

On May 23, 2007, defendant Rafael Antonio Santa-Soler was charged in a two-count indictment.  He agrees to plead guilty to both counts.

Both counts charge that Mr. Santa Soler, with intent to cause death or serious bodily harm, did attempt to take a motor vehicle from a person or presence of a person by force and violence or by intimidation, and that said motor vehicle had been transported, shipped or received in interstate or foreign commerce, all in violation of Title 18, United States Code, Section 2119(1).  As to each count, the indictment identifies the date of the offense, the vehicle involved, and the person or persons (by initials) from whom it was taken.

Defendant appeared before me, assisted by the court interpreter,  on April 8, 2008, since the Rule 11 hearing was referred by the court.  See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant).  He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

## II.      Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed. [1] Although the defendant does not read English, he confirmed that his attorney translated and explained the form before he signed it.  He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge.  He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

## III.      Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.  Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)).  There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.      Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction,  use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand,

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the indictment and fully discussed the charge with his counsel, and was satisfied with the advice and representation he received.   The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea.  After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Santa-Soler was competent to plead and fully aware of the purpose of the hearing.

> **B.**      **Maximum Penalties**

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty.  In particular, defendant was advised that the maximum penalties for the charged offenses (per count) are a term of imprisonment of not more than fifteen years,  a fine of not more than $250,000, and a term of supervised release of not more than five years. A Special Monetary Assessment of $100.00 (per count) will also be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties  and the potential consequences of the guilty plea.

> **C.**      **Plea Agreement**

Mr. Santa-Soler was shown the document titled "Plea Agreement", which is part of the record, and identified his initials on every page and his signature on three pages. He confirmed that he had the opportunity to read and discuss the Plea Agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.  Although the defendant does not read English, he confirmed that his attorney translated the Plea Agreement into the Spanish language.     The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(C), and expressed his understanding, that the district judge can either accept the

USA v. Rafael Antonio Santa-Soler                                              Page 4
CR. 07-213 (JAG/BJM)
Report and Recommendation Guilty Plea

Plea Agreement, and impose the sentence recommended by the parties, or reject it, in which case the defendant will have the opportunity to withdraw his guilty plea and go to trial, or persist in his guilty plea, in which case the judge may then impose a sentence greater than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the Plea Agreement, and were explained in open court. As to Count One, the agreed upon Base Offense Level ("BOL") is 20 pursuant to U.S.S.G. §2B3.1; a two-level increase is agreed pursuant to U.S.S.G. §2B3.1(b)(5) because the offense involved a carjacking; a four-level increase is agreed pursuant to U.S.S.G. §2B3.1(b)(4)(A) because victims were abducted; and a three-level increase is agreed pursuant to U.S.S.G. §2B3.1(b)(2)(E) because the offense involved the use of a dangerous weapon. The adjusted total offense level for Count One is therefore 29. The parties reached the same Guideline stipulations as to Count Two, except that instead of a three-level increase for "use" of a dangerous weapon, the parties agreed to a one-level increase for "brandishing" dangerous weapon, and that the parties agreed to a one-level increase under U.S.S.G. §2B3.1(b)(7) because the offense involved a monetary loss. Thus, the total adjusted offense level for Count Two is 28. The parties further agreed that under U.S.S.G. §3D1.4, a two-level increase is applied to the highest adjusted offense level, for a combined offense level of 31. A three-level downward adjustment for acceptance of responsibility was agreed upon pursuant to U.S.S.G. §3E1.1(b). Based on these Guideline sentencing factors, the agreed Total Offense Level is 28 with a guideline range of 78 to 97 months imprisonment, assuming a Criminal History Category of I. The parties recommend sentences of 84 months to be served concurrently with each other. The defendant confirmed that these were the sentencing recommendations he agreed to with the government.

The defendant was specifically informed that the Court would decide whether or not to accept the Plea Agreement after considering the applicable Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

USA v. Rafael Antonio Santa-Soler                                                      Page 5
CR. 07-213 (JAG/BJM)
Report and Recommendation Guilty Plea

      The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the Plea Agreement contains a waiver of appeal provision under which the defendant agreed to waive his right to appeal the judgement and sentence if the court accepts the Plea Agreement and sentences him according to its terms and conditions.

      **D.**    **<u>Waiver of Constitutional Rights</u>**

      The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf. He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty.

      The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

      The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. Defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess

USA v. Rafael Antonio Santa-Soler                                                    Page 6
CR. 07-213 (JAG/BJM)
Report and Recommendation Guilty Plea

a firearm.  The defendant confirmed that he understood these consequences of his guilty plea.

### E.     **Factual Basis for the Guilty Plea**

Defendant was read in open court Counts One and Two of the indictment and provided an explanation of the elements of the offense.  The meaning of terms used in the indictment was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Counts One and Two and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

### F.     **Voluntariness**

The defendant indicated that he was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea.  He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing the defendant was able to consult with his attorney.

## V.     **Conclusion**

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One and Two of the indictment.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Rafael A. Santa-Soler, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea.  Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and Two of the

USA v. Rafael Antonio Santa-Soler                                                                Page 7
CR. 07-213 (JAG/BJM)
Report and Recommendation Guilty Plea

indictment.

     This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

     **A sentencing hearing will be set by the presiding district judge.**

     **IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 8th day of April, 2008.


                                  *S/Bruce J. McGiverin*
                                    BRUCE J. McGIVERIN
                                    United States Magistrate Judge